IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| MARC VIANELLO REVOCABLE TRUST,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>PETE & MAC'S LENEXA, LLC and  )<br>PET RESORTS, INC.,  )<br>  )<br>Defendants.  )<br>_____)  | Civil Action<br><br>Case No. 14-2090-KHV |

**MEMORANDUM AND ORDER**

This Matter comes before the Court on defendants' Motion To Transfer Venue To [The] United States Bankruptcy Court For The District Of Arizona (Doc. #4) filed February 27, 2014; Plaintiff's Motion To Remand Or In The Alternative To Abstain (Doc. #5) and Plaintiff's Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #6), both filed March 4, 2014. For reasons set forth below, the Court sustains the motion to transfer.

**Factual And Procedural Background**

On June 15, 2012, defendant Pet Resorts, Inc. ("PRI") filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Arizona. On October 30, 2013, the Bankruptcy Court confirmed the Plan of Reorganization. On November 25, 2013 (the effective date of the Plan), the Bankruptcy Court discharged PRI from all debts, claims and interests that arose before the effective date. The Bankruptcy Court retained broad, exclusive jurisdiction to determine disputes involving interpretation or enforcement of the Plan, the confirmation order, or "any agreement, instrument, or other document governing or relating to" the Plan or confirmation order. Under the Plan and confirmation order, PRI is a reorganized bankruptcy debtor authorized

to operate as managing member of various Pete & Mac's pet resorts, including defendant Pete & Mac's Lenexa, LLC ("P&M Lenexa"). Plaintiff is a non-managing member of P&M Lenexa.

On February 20, 2014, plaintiff filed this suit in the District Court of Johnson County, Kansas, seeking a declaratory judgment that PRI is a withdrawing, non-voting member of P&M Lenexa. Plaintiff also seeks a temporary restraining order and temporary injunction. See State Court Petition (Doc. #1-2). On February 26, 2014, defendants removed the case to this Court, asserting jurisdiction under 28 U.S.C. § 1452 and 1334(b).

Defendants move to transfer this case to the Bankruptcy Court in Arizona. Plaintiff opposes transfer, and requests that the Court remand the case to the District Court of Johnson County, Kansas.

This case is nearly identical to two cases which plaintiff filed in state court in Missouri and which the defendants (PRI and a Missouri LLC in each case) removed to the United States District Court for the Western District of Missouri. On April 25, 2014, the Honorable Beth Phillips granted defendants' motion to transfer those two cases to the United States Bankruptcy Court for the District of Arizona.

**Legal Standards**

Defendants removed this action under 28 U.S.C. § 1452, which permits removal of any claim or cause of action to the federal district court if such court has jurisdiction over the suit pursuant to 28 U.S.C. § 1334. See 28 U.S.C. § 1452(a). Section 1334(a) gives district courts jurisdiction over "all cases under title 11 [of the Bankruptcy Code]," and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b).

Plaintiff asks the Court to remand, arguing that bankruptcy removal statutes do not apply

-2-

because this action is not sufficiently related to the bankruptcy proceeding, and that this Court therefore lacks subject matter jurisdiction under Section 1334(a) and (b) and Section 1452(a). Plaintiff also asserts that the Court must abstain from hearing the case under 28 U.S.C. §1334(c)(2).

Defendants seek transfer to the Bankruptcy Court in Arizona pursuant to 28 U.S.C. §1412, which permits a district court to transfer "a case or proceeding under title 11" to another district "in the interest of justice or for the convenience of the parties."

## Analysis

### I. Motion To Remand Or Abstain

The Court first determines whether it has subject matter jurisdiction. As noted above, Section 1452(a) allows removal of any claim or cause of action over which this Court has jurisdiction. Section 1334(b) gives district courts jurisdiction to hear cases "arising in or related to cases under title 11."

District courts have jurisdiction over, and can refer to bankruptcy courts, the following types of proceedings: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11; and (4) proceedings related to a case under title 11. 28 U.S.C. § 1334(a), (b); 28 U.S.C. § 157(a). See Orman v. Hollywood Motion Picture & Tele. Museum, No. 09-2333-JWL, 2009 WL 2914054, at *1 (D. Kan. Sept. 8, 2009). Categories (1), (2) and (3) are "core proceedings." Personette v. Kennedy, 204 B.R. 764, 774 (10th Cir. 1997). "Cases under title 11" are the bankruptcy cases themselves. Id. at 770 n.6. A proceeding "arises under" the Bankruptcy Code if it asserts a cause of action created by the Code. Id. at 771. "Arising in" proceedings are defined as follows:

> Proceedings "arising in" a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code.

> For example, orders respecting the obtaining of credit, confirmation of a plan, the assumption or rejection of a contract are all matters which could not exist absent the filing of a bankruptcy case, but are not causes of action created by the Bankruptcy Code.

Id. (citations omitted).

Defendants argue this is a core proceeding because it involves interpretation and enforcement of the confirmation order. The Court agrees. Plaintiff's claims rest on its assertion that upon filing for bankruptcy, PRI became a withdrawing, non-voting member under P & M Lenexa's operating agreement. The confirmation order provides that PRI is the managing member and that the operating agreement remains in "full force and effect." Under the operating agreement, however, PRI is a withdrawing member – and therefore a non-voting member – because it was "the subject of a Bankruptcy." Upon becoming a withdrawing member, PRI "cease[s] to be a Member of the Company," and thus cannot be the managing member. As Judge Phillips found in the two parallel cases, "resolution of this contradiction between the Confirmation Order and the operating agreement requires interpretation and enforcement of the Confirmation Order and the operating agreement. Thus, this is a core proceeding." Order (Doc. #22) in Case No. 14-00187-CV-W-BP (W.D. Mo. April 25, 2014) at 4; Order (Doc. #21) in Case No. 14-06026-CV-SJ-BP (W.D. Mo. April 25, 2014) at 4. This Court therefore has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1452(a). Plaintiffs motion to remand is therefore overruled.

Plaintiff also asks the Court to abstain from hearing this case under 28 U.S.C. § 1334(c)(2). Abstention is mandatory when (1) a timely motion is made; (2) the action is based upon state law; (3) the action is a non-core proceeding; (4) the only basis for original federal jurisdiction is the bankruptcy filing; (5) the action already commenced in state court; and (6) the action can be timely adjudicated in state court. In re George Love Farming, LC, 420 Fed. App'x 788, 793 (10th Cir.

2011). Of those factors, the parties dispute only whether this is a core or non-core proceeding. Mandatory abstention does not apply to core proceedings. Id. The Court has already determined that this is a core proceeding, and therefore abstention is not mandatory.

## II.    Motion To Transfer

Defendants ask the Court to transfer this case to the Bankruptcy Court in Arizona. A district court may transfer a proceeding under Title 11 to another district court "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. In addition, under 28 U.S.C. § 1404(a), the Court may transfer for the convenience of parties and witnesses and in the interests of justice. This case involves interpretation and enforcement of the confirmation order and operating agreement. These matters are within the exclusive jurisdiction of the Bankruptcy Court in Arizona. Therefore, the interests of justice mandate transfer under either statutory provision.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Remand Or In The Alternative To Abstain (Doc. #5) filed March 4, 2014 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendants' Motion To Transfer Venue To [The] United States Bankruptcy Court For The District Of Arizona (Doc. #4) filed February 27, 2014 be and hereby is **SUSTAINED**. The Clerk is directed to **TRANSFER** this case to the United States District Court for the District of Arizona for referral to the Bankruptcy Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #6) filed March 4, 2014 remains pending.

Dated this 15th day of May, 2014 at Kansas City, Kansas.

s/Kathryn H. Vratil
Kathryn H. Vratil
United States District Court
